# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Meenu Sharma, | ) |
| | ) |
| Plaintiff, | )   **ORDER DENYING MOTION TO CHANGE** |
| | )   **VENUE** |
| vs. | ) |
| | ) |
| Human Resources (HR) Health & | ) |
| Human Services-ND, | )   Case No. 1:25-cv-184 |
| | ) |
| Defendant. | ) |

Plaintiff presently resides in Charlotte, North Carolina. (Doc. No. 4). She initiated the above-captioned action *pro se* and *in forma pauperis* on August 5, 2025, against her former employer, the North Dakota Department of Health and Human Services. (Doc. No. 1). On August 19, 2025, she filed a Motion to Change Venue. (Doc. No. 6). Concerned that she may miss notices and otherwise be adversely impacted if required to rely on the United States Postal Service for receipt and delivery of documents, she requests that the court "transfer [her] case to another Federal Court in any other State that offers E-filing service and Email Notifications to Pro Se as well." (Id.).[1]

Plaintiff' request for a change of venue is governed by 28 U.S.C. § 1404, which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer

---

[1] It is not axiomatic indigent litigants will be permitted to electronically file documents with the court. Federal Rule of Civil Procedure 5(d)(3)(B) provides in relevant part that "[a] person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B)(i). Some courts may have local rules permitting pro se litigants to file electronically. However, this court's local rules make no such provision.

This court's local rules incorporate by reference the Administrative Policy Governing Electronic Filing and Service. D.N.D. Civ. L. 5.1(A). This policy in turn provides that a "pro se party may not register to use the [electronic case filing] system." Administrative Policy Governing Electronic Filing and Service at p. 1, https://www.ndd.uscourts.gov /ecf/cm_ecf_policy.pdf. This means that Plaintiff is not permitted to file electronically in this district.

any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Deciding whether to order a transfer under § 1404(a) "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir.1997). The relevant factors fall generally into three categories: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. Id. There is, however, "no exhaustive list of specific factors to consider...." Id.

Although the court appreciates Plaintiff's concerns, the court is not inclined to transfer this matter to another district. First, the court cannot ignore that Plaintiff elected to file suit this district. Second, this action could not have been brought in just any district or division in the United States. Third, Plaintiff's concerns are at present speculative. Fourth, the inability of *pro se* litigants like Plaintiff to file electronically is not an inconvenience warranting transfer when considering the inconvenience that the transfer would pose to other parties and prospective witnesses. Defendant is in this district, the conduct at issue occurred in this district, and the prospective witnesses are presumably located in this district. Fifth, Plaintiff is not foreclosed from viewing court records electronically.[2] Plaintiff's motion (Doc. No. 6) is therefore **DENIED**

---

[2] Anyone can access Public Access to Court Electronic Records ("PACER") database to view federal court records online provided that they register for a PACER account. See Frequently Asked Questions, PACER, https://pacer.uscourts.gov/help/ faqs/registration (lasted visited Feb. 13, 2024). There is no fee to register for a PACER account. See Options to Access Records if you Cannot Afford PACER Fees, PACER, https://pacer.uscourts.gov/ my-account-billing/billing/options -access-records-if-you-cannot-afford-pacer-fees. PACER does charge user fees to cover the costs of maintaining the service. Walker v. Shafer, No. 16-CV-5121 (JLV), 2018 WL 813420, at *3 (D.S.D. Feb. 9, 2018); Frequently Asked Questions, PACER, https://pacer.uscourts.gov /help/faqs/top-faqs (last visited Feb. 13, 2025). PACER fees are waived for any user who spends less than $30 in a fiscal quarter. Electronic Public Access Fee Schedule, supra ("No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle."). All court opinions are free. Id.

**IT IS SO ORDERED.**

Dated this 20th day of August, 2025.

<u>*/s/ Clare R. Hochhalter*</u>
Clare R. Hochhalter, Magistrate Judge
United States District Court
